DAVID WM. ENGELMAN, SBA #004193
**ENGELMAN BERGER, P.C.**
3636 NORTH CENTRAL AVENUE, SUITE 700
PHOENIX, ARIZONA 85012
_____
Ph: (602) 271-9090
Fax: (602) 222-4999
Email: dwe@engelmanberger.com
_____

Attorneys for Arizona Federal Credit Union

# IN THE UNITED STATES BANKRUPTCY COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| In re:<br><br>ARTHUR L. SHAFFER, II AND REBECCA R. SHAFFER,<br><br>Debtors. | Chapter 13<br><br>Case No. 2:08-bk-08530-CGC<br><br>**OBJECTION TO CONFIRMATION OF CHAPTER 13 PLAN** |

Arizona Federal Credit Union ("AZFCU"), by and through its counsel undersigned, hereby moves this Court for an order denying confirmation of the Chapter 13 Plan filed by Debtors. This objection is filed pursuant to 11 U.S.C. § 1325 and is supported by the following Memorandum of Points and Authorities, exhibits attached hereto, as well as all of the papers and pleadings on file herein.

**DATED** this _____ day of August 2008.

                **ENGELMAN BERGER, P.C.**

                By /s/ 004193
                   David Wm. Engelman
                   3636 North Central Avenue, Suite 700
                   Phoenix, Arizona 85012
                   Attorneys for Arizona Federal Credit Union

/ / /

{00046172.DOC /}

ENGELMAN BERGER, P.C.
3636 North Central Avenue, Suite 700
Phoenix, Arizona 85012

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. SUMMARY OF RELIEF REQUESTED

AZFCU requests the Court enter an order denying confirmation of the proposed Chapter 13 Plan ("Plan") filed by Debtors. The Plan incorrectly represents the value of the vehicles securing the indebtedness owed to AZFCU, as more specifically detailed below.

### II. FACTUAL BACKGROUND SUPPORTING AZFCU'S OBJECTION TO PLAN

**A. Facts.**

1. The Court has jurisdiction over this proceeding pursuant to 28 U.S.C. §§ 157 and 1334 and 11 U.S.C. § 1325. Venue is proper in this Court pursuant to 28 U.S.C. § 1308. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A)(F).

2. The Debtors filed a voluntary petition commencing a Chapter 13 proceeding on July 11, 2008 (the "Filing Date") under Case No.2:08-bk-08530-CGC.

**B. The Dodge.**

3. On or about March 19, 2005, the Debtors negotiated the purchase of a 2005 Dodge Ram, VIN #1D7HA18D35S238763 (the "Dodge").

4. To finance the purchase of the Dodge, the Debtors borrowed the sum of $32,380.75 from AZFCU. *See* Dodge Note (as defined below).

5. To evidence this loan, on or about March 19, 2005, Debtors entered into a *"Motor Vehicle Retail Installment Sales Contract and Purchase Money Security Agreement"* (the "Dodge Note") with AZFCU. A copy of the Dodge Note is attached hereto as **Exhibit "A"** and by this reference incorporated herein.

6. As security for the Dodge Note and the indebtedness evidenced thereby, Debtors granted AZFCU a security interest in the Dodge to secure the money advanced thereunder. *See* Exhibit "A."

7. Pursuant to the terms of the terms of the Dodge Note, Debtors agreed to make monthly payments and to pay accruing interest on the principal amount of the Dodge Note.

///

8. The principal amount due and owing to AZFCU under the Note as of the Filing Date was $21,011.58, with interest accruing at the variable rate of 6.25% per annum. *See* Dodge Note.

**C.     The Pontiac.**

9. On or about April 7, 2005, the Debtors negotiated the purchase of a 2000 Pontiac Bonneville, VIN #1G2HZ5415Y4286297 (the "Pontiac").

10. To finance the purchase of the Pontiac, the Debtors borrowed the sum of $15,217.78 from AZFCU. *See* Pontiac Note (as defined below).

11. To evidence this loan, on or about April 7, 2005, Debtors entered into a *"Closed-End Note and Disclosure Statement"* (the "Pontiac Note") with AZFCU. A copy of the Pontiac Note is attached hereto as **Exhibit "B"** and by this reference incorporated herein.

12. As security for the Pontiac Note and the indebtedness evidenced thereby, Debtors granted AZFCU a security interest in the Pontiac to secure the money advanced thereunder. *See* Exhibit "B."

13. Pursuant to the terms of the terms of the Pontiac Note, Debtors agreed to make monthly payments and to pay accruing interest on the principal amount of the Pontiac Note.

14. The principal amount due and owing to AZFCU under the Pontiac Note as of the Filing Date was $8,065.35, with interest accruing at the variable rate of 6.49% per annum. *See* Pontiac Note.

15. The Dodge and the Pontiac are sometimes referred to herein collectively as the "Vehicles."

**D.     The Proposed Plan Treatment of the Claims Filed by AZFCU.**

16. The Debtors have proposed a Plan duration of 60 months.

17. Under the Plan, the Debtors have estimated the balance owed under the Dodge Note at $21,571.00.

18. The Plan proposes that the Debtors shall continue to use the Dodge and pay AZFCU a secured amount of $13,350.00, with interest accruing thereon at the rate of 6.25% per

ENGELMAN BERGER, P.C.
3636 North Central Avenue, Suite 700
Phoenix, Arizona 85012

ENGELMAN BERGER, P.C.
3636 North Central Avenue, Suite 700
Phoenix, Arizona 85012

annum. The remaining balance of $8,221.00 is listed by the Debtors as unsecured.

19. The value of the Dodge is no less than $17,660.00, pursuant to the information contained in the Kelley Blue Book wholesale/retail breakdown. A copy of the Kelley Blue Book valuation for the Dodge is attached hereto as **Exhibit "C"** and by this reference incorporated herein. The value of $17,660.00 is comprised of an averaging of the wholesale and retail value listed for the Dodge.

20. Under the Plan, the Debtors have estimated the balance owed under the Pontiac Note at $8,481.00.

21. The Plan proposes that the Debtors shall continue to use the Pontiac and pay AZFCU a secured amount of $5,810.00, with interest accruing thereon at the rate of 6.49% per annum. The remaining balance of $2,271.00 is listed by the Debtors as unsecured.

22. The value of the Pontiac is no less than $9,390.00, pursuant to the information contained in the Kelley Blue Book wholesale/retail breakdown. A copy of the Kelley Blue Book valuation for the Pontiac is attached hereto as **Exhibit "D"** and by this reference incorporated herein. The value of $9,390.00 is comprised of an averaging of the wholesale and retail value listed for the Pontiac.

## III. <u>AUTHORITY SUPPORTING AZFCU'S OBJECTION TO PLAN CONFIRMATION</u>

### A. <u>The Plan Does Not Properly Value the Vehicles.</u>

The Vehicles are incorrectly valued by the Debtors in their Plan. *In Re Rash*, 117 S.Ct. 1879 (1997), *citing* 11 U.S.C. § 506(d), requires that the valuation of property contained in a debtor's plan reflect the intended disposition of the collateral. The Supreme Court interpreted this provision of the Bankruptcy Code to require a "replacement cost" method of valuation for a Chapter 13 debtor seeking to retain a secured creditor's collateral. *Id.* at page 1886.

This valuation will track closely with the average of the wholesale and retail Blue Book value. Instead of a value of $13,350.00 for the Dodge, AZFCU has provided Kelley Blue Book valuations which evidence a more accurate valuation of the Dodge as $17,660.00. Instead of a value of $5,810.00 for the Pontiac, AZFCU has provided Kelley Blue Book valuations which evidence a

more accurate valuation of the Pontiac as $9,390.00. As a consequence of the failure by Debtors to accurately set forth valuation for the Vehicles in the Plan, the Plan does not comply with the requirements of 11 U.S.C. § 1325(a)(5) in that it does not provide AZFCU with a lien on the entire secured amount.

### B. The Plan Does Not Provide Adequate Protection to AZFCU.

11 U.S.C. § 1325(a)(1) requires each Chapter 13 Plan comply with all applicable revisions of the Bankruptcy Code. 11 U.S.C. § 363(e) provides the Court shall prohibit or condition the debtor's use of property as is necessary to provide adequate protection to a creditor that has a secured interest in such property.

Adequate protection under 11 U.S.C. § 361 includes period cash payments to the extent that the use of the collateral results in a decrease in the value of a creditor's interest in that collateral. *See* 11 U.S.C. § 361(1). A secured creditor's security interest in property of the debtor that depreciates during the term of the automatic stay is not adequately protected. *See United Savings Association v. Timbers of Inwood Forest*, 108 S.Ct. 626 (1988). The debtor has "an obligation to provide adequate protection to a creditor who holds a security interest in property used by the debtor in the pre-confirmation time period." (Citations omitted) *In re Ingle*, 91 B.R. 27, 28 (Bankr.E.D.Mich. 1988).

The Plan should only be confirmed upon the condition that the Debtors are willing to make adequate protection payments to AZFCU for their use of the Vehicles during the pre-confirmation phase of this Chapter 13 proceeding. Such adequate protection payments should be in an amount equal to or greater than the monthly depreciation of the value of the collateral. *See In re Ingle, supra,* page 420.

The Vehicles depreciate by the passage of time and from the continued use of the Vehicles by the Debtors. For the Plan to be confirmed, payments must be made from the first month of the Plan in an amount sufficient to accurately protect the secured interest of AZFCU in the Vehicles. The Plan, as presented, cannot be confirmed in that it does not provide adequate protection for AZFCU's interest in the Vehicles.

## IV. CONCLUSION

The Plan cannot be confirmed as proposed pursuant to the requirements of 11 U.S.C. § 1325. The Debtors have improperly valued the Vehicles.

For the foregoing reasons, AZFCU respectfully requests that the Court enter an order denying confirmation of the Plan proposed by Debtors.

**DATED** this ___ day of August 2008.

**ENGELMAN BERGER, P.C.**

By /s/ 004913
David Wm. Engelman
3636 North Central Avenue, Suite 700
Phoenix, Arizona 85012
Attorneys for Arizona Federal Credit Union

**COPY** of the foregoing
mailed this ____ day
of August 2008 to:

Arthur L. Shaffer, II and Rebecca R. Shaffer
1286 North 161st Avenue
Goodyear, Arizona 85338
Debtors

Joseph W. Charles
P.O. box 1737
Glendale, Arizona 85311-1737
Attorneys for Debtors

Edward J. Maney
P.O. Box 10434
Phoenix, Arizona 85064-0434
Chapter 13 Trustee


/s/ Catherine O'Brien